UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RYAN RANDALL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 22-11803-DJC |
| CITY OF SALEM, MA, et al., | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

**CASPER, J.**  June 15, 2023

In this action, Ryan Randall, who is proceeding *pro se*, alleges that the City of Salem and its police department violated his rights under the First Amendment. The alleged factual basis for Randall's claim consists of a single sentence: "I was using my First Amendment right to express emotion through song and music with no amplification, and my right to make a living, when I was shut down by police in a public forum." D. 1 at 4. For the reasons stated below, the Court will order that this action be DISMISSED without prejudice.

In an Order dated April 6, 2023, Magistrate Judge Donald L. Cabell allowed Randall's motion for leave to proceed *in forma pauperis* and, reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2), ordered Randall to file an amended complaint.[1] D. 4. The Court concluded that the complaint failed to state a claim upon which relief could be granted because it does not contain sufficient factual material to give the defendants notice of the claim against them or to permit the Court to reasonably infer that the defendants are liable to Randall. Id. at 3.

---

[1] Pursuant to General Orders (10-1) and (09-3) of this Court, a case may be randomly assigned, at the time of filing, to a Magistrate Judge.

1

The Court explained that, in the context of a claim under 42 U.S.C. § 1983 for the violation of a constitutional right: (1) an individual or municipality cannot be held liable unless they directly participated in the alleged violation of a constitutional right; and (2) a municipality has directly participated in a constitutional violation only if a municipal policy or custom condoned the alleged misconduct.  Id. at 4-5.  The Court further stated that Randall could add as a defendant any individual who directly participated in the alleged constitutional violation, and that, as necessary, such an individual could be identified as John/Jane Doe.  Id. at 5 & n.2.  The Court then gave Randall leave to file an amended complaint that alleged his claims plausibly.  Id. at 6.  The Court warned that failure to file an amended complaint curing the pleading deficiencies within thirty-five (35) days could result in dismissal of the action.  Id. at 7.[2]

The deadline for complying with the Court's April 6, 2023 order has passed without any response from Randall.  Thus, for the reasons set forth in that order, the Court orders that this action be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

**So Ordered.**

/s Denise J. Casper
Denise J. Casper
United States District Judge

---

[2] The Court notes that one place in the Memorandum and Order, the Court gave Randall forty-two days from the date of the April 6, 2023 Order to file an amended complaint, id. at 6, whereas the conclusion of that Order makes reference to having to do so within thirty-five days.  Id. at 7.  Whether it was forty-two days from that date (May 18, 2023) or thirty-five days (May 11, 2023), Randall failed to file an amended complaint by either date or anytime since then.